# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | |
|---|---|
| AKILIOU SMITH,           )<br>                                          )<br>           Plaintiff,       )<br>v.                                    )<br>                                          )<br>CHARLESTON COUNTY;       )<br>THE CHARLESTON COUNTY )<br>SHERIFF'S OFFICE; and     )<br>JAMES L. JACKO and DONALD )<br>STANLEY in their respective )<br>INDIVIDUAL capacities,    )<br>                                          )<br>           Defendants.    )<br>_____ ) | C/A No.:  2:16-cv-655-PMD-BM<br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff Akiliou Smith, by and through his undersigned counsel, complaining of Charleston County; the Charleston County Sheriff's Office; and James L. Jacko and Donald Stanley in their respective individual capacities, alleges as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (4) and personal jurisdiction over the parties.

2. Plaintiff is a citizen and resident of Charleston County in the state of South Carolina.

3. Upon information and belief, each Defendant is a citizen and resident of Charleston County, South Carolina.

4. All of the acts giving rise to the causes of action in this Complaint occurred in Charleston County, South Carolina.

5. Venue is proper under 28 U.S.C. § 1391(b).

**FACTUAL BACKGROUND**

6. Upon information and belief, Charleston County is a duly authorized county created pursuant to the laws of the State of South Carolina. At all times relevant hereto, Charleston County, its agents, servants and employees operated, maintained and controlled the Charleston County Sheriff's Office, including all sheriff's deputies and employees thereof. Upon information and belief, Charleston County is responsible for the policies, practices and customs of the Charleston County Sheriff's Office as well as hiring, training, supervising, and controlling and disciplining its deputies and other employees.

7. Upon information and belief, the Charleston County Sheriff's Office is a political subdivision of Charleston County and is a county entity organized and created pursuant to the laws of the State of South Carolina. Along with Charleston County, the Charleston County Sheriff's Office is responsible for the policies, practices and customs of the Charleston County Sheriff's Office as well as the hiring, training, supervising, controlling and disciplining of its deputies and other employees.

8. At the various times giving rise to the causes of action set forth in this Complaint, upon information and belief, James L. Jacko was employed by the Charleston County Sheriff's Office and on duty, acting individually and under the color of state law.

9. At the various times giving rise to the causes of action set forth in this Complaint, upon information and belief, Donald Stanley was employed by the Charleston County Sheriff's Office and on duty, acting individually and under the color of state law.

10. Furthermore, at all times relevant hereto James L. Jacko and Donald Stanley were commissioned law enforcement officers elected or appointed to serve all people in Charleston County regardless of race, gender, religious affiliation or socioeconomic status. James L. Jacko

and Donald Stanley further knew or should have known Plaintiff enjoyed constitutional rights to be free from unnecessary government interference, intrusion, and force that belonged to him regardless of his race.

11.     Plaintiff is informed and believes that prior to December 07, 2015, James L. Jacko and Donald Stanley had been trained and certified by the South Carolina Law Enforcement Division in the proper use of a handgun. James L. Jacko and Donald Stanley were authorized in each officer's capacity as a commissioned law enforcement officer to carry a firearm.

12.     On December 07, 2015, James L. Jacko and Donald Stanley were in fact carrying department issued firearms.

13.     Plaintiff is further informed and believes that prior to December 07, 2015, each Defendant had undergone basic law enforcement training at the South Carolina Criminal Justice Academy pursuant to S.C. Code Sec. 17-5-130 and had undergone 16 hours of annual training by the South Carolina Law Enforcement Training Council for each subsequent year.

14.     Upon information and belief, on December 07, 2015, James L. Jacko and Donald Stanley responded to a call regarding a suspicious person and suspected burglary on Kano Street, Johns Island, South Carolina. The caller, the homeowner, came home to find an unknown individual in her home. The individual identified himself as Shawn Freeman and indicated that he knew the homeowner's daughter. The individual left the home on foot upon request by the homeowner.

15.     At approximately 8:33 P.M., the homeowner provided Charleston County 9-1-1 dispatch with a description of the individual in addition to his name. She described the person as a black male, wearing a jean jacket and jean pants, between twenty-five (25) and thirty (30) years

of age, five-feet five-inches (5' 5") tall, weighing approximately 150 pounds, with a short "afro" hair cut approximately two inches tall, and a possible little beard.

16. Upon information and belief, multiple Charleston County Sheriff's Office Deputies arrived at Kano Street at approximately 9:01 P.M.

17. While standing near his porch in his front yard, at approximately 10:09 P.M., Plaintiff was approached by an unknown person with a dog shining a flashlight at him and calling to him. Plaintiff retreated to the safety of his home and locked his door. The unknown individual did not identify himself as a law enforcement officer or state his purpose.

18. Out of concern for his safety, after Plaintiff retreated to the safety of his home where he called 9-1-1 to report the suspicious person that approached him in his yard. Plaintiff recounted the events to the 9-1-1 operator.

19. While still on the phone with 9-1-1 dispatch, Defendants James L. Jacko and Donald Stanley kicked in Plaintiff's door and forced entry to his home.

20. Plaintiff did not provide any oral or written consent to entry into his home.

21. Neither James L. Jacko nor Donald Stanley possessed a search warrant for the search or entry into Plaintiff's home.

22. Plaintiff is not named Shawn Freeman.

23. Plaintiff does not match the physical description of the suspect provided by the Ghana Street homeowner. Plaintiff is five-feet seven-inches tall and weighs approximately 275 pounds. The only similarity between the Plaintiff and suspect is they are African-American males.

24. Plaintiff was not wearing similar clothing to the clothing described by the Ghana Street homeowner. Plaintiff was attired in his work uniform, which consists of khaki-colored

4

cargo pants and a green-colored work jacket with the company name and logo prominently displayed.

25. After Defendants James L. Jacko and Donald Stanley forced entry into Plaintiff's home, they immediately placed him in handcuffs, knocking the phone out of his hands and onto the floor. Plaintiff was seized by Defendants through the threat of deadly force and while displaying Defendants' department-issued firearms. Plaintiff suffered these violations of his civil rights in the presence of his minor daughters, his wife, and his parents-in-law.

26. Defendants then removed Plaintiff from inside his home and placed him outside where they attempted to perform a "show-up" identification. However, the Ghana homeowner told deputies from the Charleston County Sheriff's Office that Plaintiff was not the suspect.

27. Defendants did not have any reasonable basis to seize Plaintiff.

28. Defendants did not have any reasonable basis to search Plaintiff or his home.

### COUNTS ONE AND TWO- DEPRIVATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS ACTIONABLE UNDER 42 U.S. CODE § 1983
**(As to Defendants James L. Jacko and Donald Stanley in their respective individual capacities)**

29. Plaintiff reincorporates and realleges all preceding paragraphs as if fully set forth herein.

30. Defendants Jacko and Stanley at all times relevant to this Complaint acted under color of state law and exercised power possessed by virtue of state law as commissioned law enforcement officers.

31. Defendants' conduct as more fully set forth above deprived Plaintiff of his rights, privileges, or immunities secured by the Fourth Amendment to the Constitution of the United States.

5

32. Particularly, Defendants Jacko and Stanley's conduct deprived Plaintiff of his rights protected by the Fourth Amendment of the Constitution of the United States, guaranteeing citizens the right "to be secure in their persons…against unreasonable…seizures" of the person and their right to be free from unnecessary governmental interference.

33. Defendants conducted an unlawful and unreasonable stop and furthermore used excessive force during the unconstitutional seizure of Plaintiff.

34. Defendants' actions were not objectively reasonable in light of the facts and circumstances, and Defendants conducted an unreasonable stop and seizure of Plaintiff.

35. As a direct and proximate result of Defendants' unreasonable seizure of Plaintiff and use of excessive force, Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to nominal, actual, and punitive damages.

**COUNT THREE- DEPRIVATION OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS ACTIONABLE UNDER 42 U.S. CODE § 1983**
**(As to Defendants James L. Jacko and Donald Stanley in their respective individual capacities)**

36. Plaintiff reincorporates and realleges all preceding paragraphs as if fully set forth herein.

37. Defendants Jacko and Stanley at all times relevant to this Complaint acted under color of state law and exercised power possessed by virtue of state law as commissioned law enforcement officers.

38. Defendants' conduct as more fully set forth above deprived Plaintiff of his rights, privileges, or immunities secured by the Fourth Amendment to the Constitution of the United States.

39. Particularly, Defendants Jacko and Stanley's conduct deprived Plaintiff of his rights protected by the Fourth Amendment of the Constitution of the United States, guaranteeing citizens the right "to be secure in their houses…against unreasonable…searches."

40. Defendants conducted an unlawful and unreasonable search of Plaintiff's home wherein Defendants, without a warrant, consent, or any exigency, kicked in Plaintiff's door and entered the sanctity of his home.

41. Defendants' actions were objectively unreasonable in light of the facts and circumstances, and Defendants conducted an unreasonable search of Plaintiff's home.

42. As a direct and proximate result of Defendants' unreasonable search of Plaintiff's home, Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to nominal, actual, and punitive damages.

### COUNT FOUR- FALSE IMPRISONMENT
### (As to All Defendants)

43. Plaintiff reincorporates and realleges all preceding paragraphs as if fully set forth herein.

44. Defendant Jacko and Defendant Stanley's conduct of kicking in Plaintiff's door, handcuffing him at gunpoint, and forcibly removing him from his home deprived Plaintiff of his liberty without justification. Defendant Jacko and Defendant Stanley were acting within the scope of employment with Defendant Charleston County Sheriff's Office.

45. Defendant Jacko and Defendant Stanley intentionally restrained Plaintiff.

46. There was no lawful basis for Defendant Jacko and Defendant Stanley's restraint and imprisonment of Plaintiff.

47. As a direct and proximate result of Defendant Jacko and Defendant Stanley's false imprisonment of Plaintiff, Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to actual and punitive damages.

### COUNT FIVE – INVASION OF PRIVACY
### (As to All Defendants)

48. Plaintiff reincorporates and realleges all preceding paragraphs as if fully set forth herein.

49. All actions taken by Defendant Jacko and Defendant Stanley were intentional and performed within the scope of their employment with Defendant Charleston County Sheriff's Office.

50. Defendant Jacko and Defendant Stanley intentionally kicked Plaintiff's door in and intentionally forced entry into Plaintiff's home during the nighttime hours.

51. The forced entry into Plaintiff's home was a substantial and unreasonable invasion of Plaintiff's privacy.

52. As a direct and proximate result of Defendant Defendant Jacko and Defendant Stanley's Invasion of Privacy of Plaintiff, Plaintiff has suffered and continues to suffer tremendous and irreparable emotional and mental harm and is entitled to actual and punitive damages.

### COUNT SIX – TRESPASS
### (As to All Defendants)

53. Plaintiff reincorporates and realleges all preceding paragraphs as if fully set forth herein.

54. Defendant Jacko and Defendant Stanley intentionally entered onto the land of Plaintiff and forced entry into his home. Defendants interfered with Plaintiff's right to possession of his property.

55. Defendants' forced entry into Plaintiff's home and onto Plaintiff's land was a reckless, willful, and wanton disregard for Plaintiff's rights.

56. As a direct and proximate result of Defendants' Trespass, Plaintiff has suffered and continues to suffer damages to be shown at trial. Plaintiff specifically pleads for punitive damages due to the reckless, willful, and wanton nature of Defendants' actions.

**COUNT SEVEN – NEGLIGENCE**
**(As to All Defendants)**

57. Plaintiff reincorporates and realleges all preceding paragraphs as if fully set forth herein.

58. At all times relevant to this action, Defendant Sheriff's Deputies were employees, agents, and legal representatives of the Charleston County Sheriff's Office and were acting within the scope of employment and under color of law.

59. Defendant Charleston County Sheriff's Office is responsible for the actions of Defendant Sheriff's Deputies on December 07, 2015.

60. Plaintiff at all times pertinent hereto was acting in a reasonable and prudent manner and was within his legal rights, on his property, and had not violated any law.

61. At all times relevant hereto, Defendants owed Plaintiff the duty of care and caution that any reasonable person would have used under the circumstances then and there prevailing and a duty of care to avoid violating the rights of the Plaintiff.

62. Defendants breached such duties and the injuries and harm to Plaintiff were the direct, foreseeable, and proximate cause of the negligent and careless, and willful, wanton, and reckless, and grossly negligent acts/ omissions of Defendants as described herein above.

63. Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendants, Plaintiff is entitled to recover actual, nominal, and punitive damages in amounts to be determined by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for a trial by jury on all issues presently raised or that may be raised in any of the pleadings hereafter and further seeks:

i. Judgment against Defendant for actual, special and punitive damages in the amount to be determined by the jury;

ii. To award Plaintiff reasonable attorney fees, costs, and expenses against Defendant, pursuant to 42 U.S.C. § 1988 and all other applicable law; and

iii. For all other and further relief as the Court and jury deem just and proper.

Respectfully submitted,

McLEOD LAW GROUP, LLC
Post Office Box 21624
Charleston, South Carolina 29413
(843) 277-6655

/s/ W. Mullins McLeod, Jr.

W. Mullins McLeod, Jr., No. 7142
Jacqueline LaPan Edgerton, No. 11710
D. Ellis Roberts, No. 11467
Michael Thomas Cooper, No. 12198

March 1, 2016
Charleston, South Carolina